

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. AP-76,552

### EX PARTE TERRANCE RAY SHUN CEPHUS, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 0613530A IN THE 297TH JUDICIAL DISTRICT COURT
### FROM TARRANT COUNTY

*Per curiam.*

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of two counts of possession with intent to deliver a controlled substance and sentenced to life imprisonment for each count, with an affirmative deadly weapon finding. The Second Court of Appeals affirmed his conviction. *Cephus v. State*, No. 02-01-251-CR (Tex. App. – Fort Worth, August 22, 2002, pet. ref'd).

Applicant contends, *inter alia*, that his trial counsel rendered ineffective assistance because

counsel failed to advise Applicant that he had a right to a jury determination of the deadly weapon issue even though he elected to have the trial court assess his punishment. Applicant alleges that had he known that he could submit the deadly weapon issue to the jury, he would have done so rather than allowing the trial court to made the determination.

After holding a habeas hearing, the trial court has determined that trial counsel was ineffective in that counsel did not advise Applicant that he was entitled to a jury determination of the deadly weapon issue, and that such ineffective representation prejudiced Applicant. We find, therefore, that Applicant is entitled to a hearing before a jury solely to decide the issue of punishment in Cause No. 0613530A from the 297th Judicial District Court of Tarrant County.

Delivered: May 11, 2011
Do Not Publish